IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| EVERETTE J RICKERSON, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 5:17-CV-00172-RWS |
| | § | |
| v. | § | |
| | § | |
| TONY RUST, CAPTAIN AT TELFORD UNIT; D OWENS, CORRECTIONAL OFFICER AT TELFORD UNIT; AND J HUGHES, CORRECTIONAL OFFICER (PROPERTY) AT TELFORD UNIT; | § | |
| | § | |
| Defendants. | | |

**ORDER**

Plaintiff Everette Rickerson, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this civil rights lawsuit under 42 U.SC. § 1983 complaining of alleged violations of his constitutional rights. This Court referred the case to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The named Defendants are Captain Tony Rust, Officer D. Owens and Officer J. Hughes, all of whom are TDCJ-CID officials at the Telford Unit.

**I.    Background**

Plaintiff alleges that Captain Rust, Officer Owens and Officer Hughes confiscated legal papers from his cell. Docket No. 7 at 3. Plaintiff alleges that these acts amount to an act of retaliation, denied him access to the courts, and violate the Fourth, Eighth and Fourteenth Amendments. *Id.* He further asserts that on November 8, 2017, Captain Rust threatened him with bodily harm by "raising his hands in closed fists and shaking them, then walking away." *Id.*

Defendants moved for summary judgment, asserting that Plaintiff's claims lacked merit and invoking qualified immunity. Docket No. 28. Defendants attached prison records as summary judgment evidence.

Plaintiff opposed summary judgment and moved to compel discovery. Docket Nos. 32, 33. The Court granted Plaintiff's motion for discovery in part, ordering Defendants to disclose various items of evidence. Docket No. 35. Defendants filed a notice that they had disclosed Plaintiff's grievance, classification, disciplinary and property records, the administrative directive concerning inmate property, unit lockdown procedures, rules governing cell restrictions for general population inmates, access to court rules, inmate correspondence rules and the Offender Orientation Handbook. Docket No. 40.

Plaintiff filed a second response to the motion for summary judgment complaining that Defendant had not disclosed an I-186 legal property confiscation form, any documents showing there was a "legitimate investigation" leading to the confiscation of legal papers, mail room logs or security video footage. Docket No. 41. Plaintiff further argued that Defendants knew that their actions were illegal and that Defendants are not entitled to qualified immunity. Plaintiff further state the Defendants' motion for summary judgment should be denied because Defendants offered no supporting evidence.

## II. The Magistrate Judge's Report

After reviewing the pleadings, the Magistrate Judge issued a Report recommending that Defendants' motion for summary judgment be granted and that the lawsuit be dismissed. Docket No. 42. The Magistrate Judge first considered each of Plaintiff's claims for relief.

The Magistrate Judge recognized that inmates have a right of access to legal materials, but actual harm must be shown to demonstrate a violation of that right. Docket No. 42 at 10 (citing

*Lewis v. Casey*, 518 U.S. 343, 351 (1976)). The Magistrate Judge found that Plaintiff did not identify what legal papers were taken or the cause of action to which the papers were related and did not otherwise demonstrate actual injury. *Id.* at 12. The Magistrate Judge further concluded that the security footage allegedly showing the seizure of Plaintiff's legal materials was not relevant in light of the fact that Plaintiff had not shown actual harm from such seizure. *Id.*

The Magistrate Judge further determined that Plaintiff s retaliation claim lacked merit because it was wholly conclusory and consisted of nothing more than Plaintiff's personal belief that Defendants retaliated against him for filing grievances and complaints.

The Magistrate Judge then turned to Plaintiff's constitutional claims, finding they also lacked merit. As to Plaintiff's Fourth Amendment Claim, the Magistrate Judge cited Fifth Circuit precedent holding that inmates do not have an expectation of privacy in their prison cell to support a claim for unreasonable searches and seizures. *Id.* at 14 (citing *United States v. Ward*, 561 F.3d 414, 419 (5th Cir. 2009)). The Magistrate Judge then found that Plaintiff's Fourteenth Amendment claim lacked merit because, although the Fourteenth Amendment protects against random and unauthorized deprivations of property or liberty interests, Texas state administrative and judicial systems provide an adequate state post-deprivation remedy. For example, Texas courts have allowed inmates to raise ordinary tort claims against TDCJ-CID employees for lost or stolen property. *Id.* at 15 (citing *Spurlock v. Schroedter*, 88 S.W.3d 733, 737 (Tex.App.-Corpus Christi 2002, reh. overruled)). The Magistrate Judge also found that wrongful confiscation of Plaintiff's legal materials did not amount to a "condition of confinement so serious as to deprive him of the minimal measures of life's necessities" and therefore did not support an Eight Amendment claim. *Id.* at 16 (citing *Wilson v. Lynaugh*, 878 F.2d 846, 848 (5th Cir. 1989)). Finally, the Magistrate Judge turned to Plaintiff's claim that Captain Rust threatened him and found that Plaintiff had not

shown that the alleged threats resulted in a constitutional deprivation nor that the threat would deter a reasonable person from pursuing future grievances or litigation. *Id.* at 17.

The Magistrate Judge then turned to Defendants' invocation of qualified immunity. The Magistrate Judge determined that the Defendants properly invoked the doctrine of qualified immunity and that Plaintiff failed to satisfy his burden of rebutting its applicability. *Id.* at 17–18. Having found that Plaintiff's claims lacked merit and Defendants properly invoked qualified immunity, the Magistrate Judge recommended that Defendant's motion for summary judgment be granted with prejudice as to Plaintiff's refiling in federal court but without prejudice to Plaintiff's right to pursue such remedies as he may have in state court or the administrative procedures of TDCJ-CID.

### III. Plaintiff's Objections

Plaintiff filed several objections to the Magistrate Judge's Report. Docket No. 44. Plaintiff first alleged that Defendants failed to produce relevant discovery that would support his claims. Specifically, Plaintiff argues that he should have been provided with copies of the security video footage, logs, records and documentation of Defendant Rust's employee records and the property inventory form. *Id.* at 1–3.

Rule 56 does not require that discovery take place before summary judgment can be granted. A plaintiff's right to discovery prior to summary judgment may be cut off when the record shows that the requested discovery is not likely to produce the facts needed to withstand the motion. *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990); *Krim v. BancTexas Gr., Inc.*, 989 F.2d 1435, 1443 (5th Cir. 1993) (holding a non-movant may not avoid summary judgment with a vague assertion that additional discovery is necessary but must demonstrate that further discovery will be more than a fishing expedition). Thus, to obtain a Rule 56(f) continuance and delay ruling on a summary judgment motion, the nonmovant must demonstrate how the

discovery will enable him to rebut the movant's showing of the absence of a genuine issue of material fact. *Washington*, 901 F.2d at 1285.

Plaintiff has not shown how any of the requested discovery would effectively rebut Defendants' motion for summary judgment. Plaintiff requests security camera footage to demonstrate Captain Rust's "personal involvement" in the seizure of legal papers, that Captain Rust had prior access to the cell to review the legal papers and thereby gain knowledge and information about the significance of Plaintiff's papers, and that Captain Rust singled Plaintiff out. *Id.* 1–2. Plaintiff also asserts that the security footage would show Captain Rust raising his hands in closed fists and threatening to commit bodily harm. *Id.* at 2. Plaintiff further requests a property inventory form to demonstrate that Defendants knew Plaintiff was in possession of legal papers and that Plaintiff had no knowledge that his papers were being confiscated. Plaintiff also requests logs, records and documentation of Captain Rust's employee records to demonstrate Rust's "evil intent" and state of mind. Plaintiff does not demonstrate how this evidence would enable him to defeat Defendants' motion for summary judgment. As such, Plaintiff has not shown the impropriety of granting grant of summary judgment before Plaintiff obtains this discovery. Plaintiff's objections on these points are without merit.

Plaintiff also appears to allege that he was involved in ongoing litigation at the time of the search and asserts that he has shown actual injury resulting from the confiscation of his legal papers. Docket No. 44 at 3–4. However, Plaintiff provides no details concerning any such litigation, nor does he demonstrate how such litigation involved "arguable claims." *See Mendoza v. Strickland*, 414 F. App'x 616 (5th Cir. 2011) (holding that to demonstrate actual injury a plaintiff must demonstrate the underlying cause of action was arguable and non-frivolous). And although Plaintiff claims that he has shown actual injury, he provides no further details to support the

assertion. Plaintiff's objection to the Magistrate Judge's finding that he had not shown an actual injury are therefore without merit.

Finally, Plaintiff argues that threats of force are unconstitutional when done in retaliation for a constitutionally protected right, citing *Proctor v. Harmon*, 257 F.3d 867 (8th Cir. 2001). Specifically, Plaintiff argues that the totality of circumstances shows that Defendants had an evil intent which frustrated Plaintiff's attempts to properly reform within the institution and impaired Plaintiff's ability to present his claims in a court of law. Again, Plaintiff provides no details concerning the alleged claims and how his ability to present such claims in court was actually impaired. As such, Plaintiff's conclusory allegation does not demonstrate that Plaintiff suffered a constitutional deprivation as a result of Officer Rust's allegedly threatening conduct. Finally, Plaintiff's similarly conclusory statement that Defendants should have known that they were acting illegally does not effectively rebut Defendants' claim for qualified immunity.

Upon review of each of Plaintiff's claims and objections, the Court finds that the claims and objections lack merit.

### IV. Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. § 636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct, and that Plaintiff's objections are without merit. It is accordingly

**ORDERED** that Plaintiff's objections (Docket No. 44) are overruled and the Magistrate Judge's Report (Docket No. 42) is **ADOPTED** as the opinion of this Court. It is further

**ORDERED** that Defendants' Motion for Summary Judgment (Docket No. 28) is **GRANTED** and the above-styled action is **DISMISSED WITH PREJUDICE** as to its refiling in federal court.  This order does not affect Plaintiff's right to pursue such remedies as he may have in the administrative procedures of TDCJ-CID or the courts of the State of Texas.  It is further

**ORDERED** that any and all motions which may be pending are hereby **DENIED-AS-MOOT.**

**So ORDERED and SIGNED this 11th day of February, 2020.**

*Robert W. Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE